# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jose P.,                                    File No. 26-CV-0658 (JMB/DJF)

        Petitioner,

v.

Kristi Noem, *Secretary, U.S. Department of*                    **ORDER**
*Homeland Security*; David Easterwood,
*Acting Director, St. Paul Field Office,*
*Immigration and Customs Enforcement and*
*Removal Operations*; Todd M. Lyons,
*Acting Director, Immigration and Customs*
*Enforcement*; Pamela Bondi, *Attorney*
*General*; Warden, *ERO Otero Detention*
*Facility, Chapparal, New Mexico*; Executive
Office for Immigration Removal

        Respondents.

Khanh Ngoc Nguyen, Minneapolis, MN, for Jose P.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi
Noem, David Easterwood, Todd M. Lyons, Pamela Bondi, Warden, Executive Office for
Immigration review.

      This matter is before the Court on Petitioner Jose P.'s[1] Petition for Writ of Habeas

Corpus ("Petition") under 28 U.S.C. § 2241.   (Doc. No. 1 [hereinafter, "Pet."].)

Respondents Kristi Noem, David Easterwood, Todd M. Lyons, Pamela Bondi, Executive

---

[1] This District has adopted a policy of using only the first name and last initial of any
nongovernmental parties in immigration cases.

Office for Immigration Review, and Warden of the ERO Otero ICE detention Center om New Mexico (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

## FINDINGS OF FACT[2]

1.      Jose P. is a citizen of Honduras who entered the United States in 2016 without inspection. (Pet. ¶¶ 8(b).)

2.      Jose P. was detained by Respondents on January 9, 2026, in Minnesota. (*Id.* ¶ 8(a).)

3.      Since his initial detention in Minnesota, Jose P. has been transferred to Otero Detention Facility in Chapparal, New Mexico on or around January 16, 2026. (*Id.* ¶ 10.)

4.      Jose P. has no criminal history other than a 2024 conviction for Disorderly Conduct (a misdemeanor in Minnesota) for which probation was discharged on September 26, 2025. (*Id.* ¶ 9(d), (e).)

5.      Jose P. has a pending I-589 Application for Asylum. (*Id.* ¶ 9(h).)

6.      On January 26, 2026, Jose P. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.)  He seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or immediate release. (*Id.* at 14.)

7.      On January 26, 2026, the Court ordered Respondents to file a response to the

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

Petition by January 28, 2026, at 11:00 a.m.  (Doc. No. 4.)  Respondents timely filed a Response.  (Doc. No. 6.)

## DISCUSSION

Respondents challenge whether venue is proper in the District of Minnesota and, in the alternative, argue that the Petition should be denied because 8 U.SC. § 1225(b)(2) justifies detention of Jose P.  Respondents make no argument concerning whether Jose P. was detained without a requisite warrant for his arrest.  The Court disagrees with both arguments presented by Respondents, grants the Petition in part, and orders Jose P. to be immediately released.

### A.    Venue

Respondents state (although they filed no motion to dismiss or transfer) that the Court should, pursuant to 28 U.S.C. § 1406(a), to dismiss Jose P.'s Petition or, in the alternative, to transfer it to the District of New Mexico because the District of Minnesota is an improper venue.  (Doc. No. 6 at 1.)  As Respondents' citation to the venue statute makes clear, the "immediate custodian" rule outlined in *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004), is a venue rule and not a jurisdictional one.[3]  The application of the "immediate custodian" rule is not automatic, and the venue for habeas petitions allow for equitable concerns such as convenience and appropriateness of the district.  *Luis N. v. Trump*, No. 26-cv-0171 (MJD/SGE) Doc. No. 8, at *3 (D. Minn Jan. 16, 2026) (citing *Braden v. 30th*

---

[3] Although Respondents also use the term jurisdiction, the legal authority relied on only relates to venue.

*Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)). This Court considers such factors, especially since this Court can reach the custodian by service of process. *Braden*, 410 U.S. at 493 ("So long as the custodian can be reached by service of process, the court can issue a writ within its jurisdiction requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the petitioner himself is confined outside the court's jurisdiction.")

Here, the equitable factors weigh in favor of this District as the appropriate venue to adjudicate the Petition. The decision to arrest and detain Jose P. was directed to personnel within this District and therefore witnesses and information about the manner of his arrest would also be found in this District. Jose P. was, for at least some time, actually detained within this District. Jose P. has lived in Minnesota for many years (Pet. ¶ 8(b)), and Respondents have given no response as to the basis of his detention or what the length of his detention would be. Transferring venue would prolong both Jose P.'s detention and the adjudication of his claims. Further, venue should not be transferred simply because a petitioner was unable to file their petition prior to transfer, particularly when that transfer was not at a petitioner's request, is wholly outside of their control, and occurs in a very short time after arrest. Transferring venue solely on the basis that a petitioner was transferred, and thereby currently detained elsewhere, could also have the effect of incentivizing forum shopping, as Respondents could quickly transfer detained individuals

to a district of their choosing. Therefore, this Court concludes that this District is an appropriate venue for the Petition.

**B.** *Maldonado Bautista* **Class Member**

Turning to the merits of the Petition, Jose P. argues that he is a member of a class that has already been determined to be entitled to a bond hearing pursuant to section 1226(a). (*See, e.g.*, Pet. ¶¶ 2–5, 31–36.) The Court agrees. Jose P. is a member of the class certified in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-1873, Doc. No. 92 (C.D. Cal. Dec. 18, 2025). The *Maldonado Bautista* class includes:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). As a class member, Jose P. is subject to that court's declaratory relief and final judgment holding that class members are not subject to mandatory detention.

**C.    Interpretation of Section 1225**

This Court, like many other courts, has repeatedly rejected Respondents' alternative argument that Jose P. is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). For the reasons discussed below, the Court grants Jose P.'s Petition on this independent basis, as well.

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are

6

applicants for admission and who presently are seeking admission at the time of their detention.  To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929).  In this case, Jose P. has been residing in the United States since 2005 and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws.  Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA).  The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes.  *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii).  But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice."  *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice

of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

For these reasons, the Court finds that Jose P.'s detention is governed by section 1226(a), and he is not subject to section 1225(b).

### D.    Absence of Warrant Prior to Arrest

The Court also ordered Respondents to answer whether the absence of a warrant preceding Jose P.'s arrest necessitates his immediate release and, therefore, Respondents waive any opposition to this argument.  (*See* Doc. No. 4.)  The Court agrees with other judges in this District who have concluded that an arrest warrant is a prerequisite to detention under section 1226(a).  *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)).  Respondents have not presented evidence to the contrary or otherwise responded to this claim.  Consequently, the Court grants the Petition and orders Jose P.'s immediate release.  *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at

*2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)).[4]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1.    Respondents are ORDERED to release Petitioner from custody immediately in Minnesota, and in any event no later than 4:00 p.m. CST on January 29, 2026.

2.    On or before 11:00 a.m. CT on January 30, 2026, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in accordance with this Order. Counsel shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all relevant documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release.

3.    To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 28, 2026                           /s/ *Jeffrey M. Bryan*
                                                   Judge Jeffrey M. Bryan
                                                   United States District Court

---

[4] The Court does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Jose P. may move separately for such relief within 30 days of final judgment in this action.  28 U.S.C. § 2412(d)(1)(B).